UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GREGORY HARRIS, | Case No. 2:18-cv-00294-MMD-CBC |
| Plaintiff, | ORDER |
| v. | |
| JAMES DZURENDA, *et al.*, | |
| Defendants. | |

## I.   SUMMARY

Plaintiff Gregory Harris brings this civil rights lawsuit under 42 U.S.C. § 1983 as an individual incarcerated in the custody of the Nevada Department of Corrections ("NDOC") and currently housed at Saguaro Correctional Center ("SCC"), a private prison in Arizona. SCC is operated by a company called CoreCivic. Before the Court are the CoreCivic Defendants'[1] motion to dismiss (ECF No. 36) and the NDOC Defendants'[2] motion for summary judgment (ECF No. 50). The Court has reviewed the responses (ECF Nos. 46, 57) and replies (ECF Nos. 49, 58) thereto. For the following reasons, the Court grants both motions.[3]

## II.   BACKGROUND

The Court allowed Plaintiff to proceed with the following claims after screening: (1) an interference with outgoing mail claim against NDOC Defendants Dzurenda, Carpenter, and Sandie; (2) a deliberate indifference to medical needs claim against NDOC

///

---

[1]Domom Hininger and T. Thomas.

[2]James Dzurenda, T. Carpenter, W. Sandie, and Romero Aranas.

[3]The Magistrate Judge stayed this case after its reassignment until the setting of a status conference. (ECF No. 66.) However, as the Court essentially grants both motions, waiting to issue a decision after the anticipated status conference does not serve the purpose of Federal Rule of Civil Procedure 1.

1  Defendants Dzurenda and Aranas; and (3) a retaliation claim against all NDOC

2  Defendants and CoreCivic Defendants.[4] (ECF No. 7 at 10.)

3  **III.    CORECIVIC DEFENDANTS' MOTION TO DISMISS (ECF NO. 36)**

4  **A.    Relevant Background**

5  As noted, Plaintiff currently is incarcerated at SCC located in Arizona. (ECF No. 8

6  at 1.) Defendant Thomas is the Warden of SCC and resides in Arizona. (ECF No. 36-1 at

7  2.) CoreCivic owns and operates SCC under a correctional service agreement with the

8  state of Nevada. (*Id.* at 2-3.) Defendant Hininger is CoreCivic's chief executive officer and

9  resides in Tennessee. (*Id.* at 5.) The CoreCivic Defendants move to dismiss Plaintiff's

10  retaliation claim against them for lack of personal jurisdiction under Federal Rule of Civil

11  Procedure 12(b)(2).[5] (ECF No. 36 at 2-8.)

12  **B.    Discussion**

13  A two-part analysis governs whether a court retains personal jurisdiction over a

14  nonresident defendant. "First, the exercise of jurisdiction must satisfy the requirements of

15  the applicable state long-arm statute." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398,

16  1404 (9th Cir. 1994). Because "Nevada's long-arm statute, NRS § 14.065, reaches the

17  limits of due process set by the United States Constitution," the Court moves on to the

18  second part of the analysis. *See Baker v. Eighth Judicial Dist. Court ex rel. Cty. of Clark*,

19  999 P.2d 1020, 1023 (Nev. 2000). "Second, the exercise of jurisdiction must comport with

20  federal due process." *Chan*, 39 F.3d at 1404-05. "Due process requires that nonresident

21  defendants have certain minimum contacts with the forum state so that the exercise of

22  jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.*

23  (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)). Courts analyze this

24

25  [4]Certain claims were allowed to proceed against Byrne and Jo Gentry, but Plaintiff has not served these potential defendants. (*See* ECF No. 64.) The Court previously gave Plaintiff until May 10, 2019 to serve these defendants. (ECF No. 52 at 2.) Given that these

26  defendants have not been served to date, the Court will dismiss the action against them without prejudice under Federal Rule of Civil Procedure 4(m).

27

28  [5]The Court does not address the CoreCivic Defendants' alternative argument for dismissal under Federal Rule of Civil Procedure 12(b)(6) because the Court lacks personal jurisdiction over these Defendants.

1  constitutional question with reference to two forms of jurisdiction: general and specific

2  jurisdiction.

3      Plaintiff does not seem to argue that the Court has general jurisdiction over the

4  CoreCivic Defendants. (*See* ECF No. 46 at 3 ("[The CoreCivic Defendants] have availed

5  themselves to [sic] the privilege(s) of conducting regular activities in and with the State of

6  Nevada, and . . . have agreed to terms within their contract with the State of Nevada, it's

7  [sic] agent N.D.O.C., Which satisfy the specific Jurisdiction Requirements.").) However,

8  even if Plaintiff intends to argue that the Court has general jurisdiction over the CoreCivic

9  Defendants, he has failed to satisfy the "exacting standard" for general jurisdiction. *Mavrix*

10  *Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1224 (9th Cir. 2011) (quoting

11  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)). "To

12  determine whether a nonresident defendant's contacts are sufficiently substantial,

13  continuous, and systematic, [courts] consider their '[l]ongevity, continuity, volume,

14  economic impact, physical presence, and integration into the state's regulatory or

15  economic markets.'" *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th

16  Cir. 2011) (quoting *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir.

17  2006)). Here, Plaintiff asserts that Defendant Hininger "is CEO of Core-Civic, which

18  operates at least one facility in Nevada, and has done so for [several] years." (ECF No.

19  46 at 3.) Plaintiff also asserts that Defendant Hininger "is in Nevada, at that facility for

20  regular inspections and business." (*Id.*) The Court is unpersuaded that these contacts are

21  sufficient in terms of length, continuity, volume, and other characteristics to support

22  general jurisdiction over Defendant Hininger, much less Defendant Thomas. Accordingly,

23  the Court will consider whether specific jurisdiction over the CoreCivic Defendants exists.

24      Specific jurisdiction exists where "[a] nonresident defendant's discrete, isolated

25  contacts with the forum support jurisdiction on a cause of action arising directly out of its

26  forum contacts." *CollegeSource*, 653 F.3d at 1075. In the Ninth Circuit, courts use a three-

27  prong test to determine whether specific jurisdiction exists over a particular cause of

28  action: "(1) The non-resident defendant must purposefully direct his activities or

1  consummate some transaction with the forum or resident thereof; or perform some act by

2  which he purposefully avails himself of the privilege of conducting activities in the forum,

3  thereby invoking the benefits and protections of its laws; (2) the claim must be one which

4  arises out of or relates to the defendant's forum-related activities; and (3) the exercise of

5  jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable."

6  *Id.* at 1076 (quoting *Schwarzenegger*, 374 F.3d at 802). The first prong, alternatively

7  called purposeful availment or purposeful direction, is often determinative. *See Yahoo!*

8  *Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir.

9  2006) (en banc). In addition, the party asserting jurisdiction bears the burden of

10  demonstrating only the first two prongs. *CollegeSource*, 653 F.3d at 1076 (citing *Sher v.*

11  *Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). If it does so, the burden shifts to the party

12  challenging jurisdiction to set forth a "compelling case" that the exercise of jurisdiction

13  would be unreasonable. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-

14  78 (1985)).

15        Plaintiff first argues that the CoreCivic Defendants have subjected themselves to

16  specific jurisdiction based on CoreCivic's contract with the state of Nevada. (ECF No. 46

17  at 3-5.) The Court rejects this argument because Plaintiff has not adduced evidence that

18  the CoreCivic Defendants personally—as opposed to CoreCivic itself—are parties to the

19  contract.

20        Plaintiff also argues that Defendant Hininger has subjected himself to specific

21  jurisdiction by visiting CoreCivic's Nevada facility for regular inspections and business.

22  (*Id.* at 3.) Plaintiff does not support this allegation with any admissible evidence.

23  Moreover, Plaintiff's claims do not arise from Hininger's visits to CoreCivic's Nevada

24  facility. Plaintiff has not alleged that he was ever incarcerated at CoreCivic's Nevada

25  facility. Accordingly, the Court rejects this argument.

26        Plaintiff also asks the Court for an opportunity to conduct discovery to establish

27  facts supporting specific jurisdiction. (ECF No. 46 at 5.) However, Plaintiff has not

28  ///

1  identified specific facts that he would seek to establish during discovery to demonstrate

2  personal jurisdiction. Accordingly, the Court denies this request.

3      For these reasons, the Court grants the CoreCivic Defendants' motion to dismiss

4  Plaintiff's retaliation claim against them.

5  **IV.    NDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 50)**

6      **A.    Legal Standard**

7      "The purpose of summary judgment is to avoid unnecessary trials when there is

8  no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*,

9  18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the

10  pleadings, the discovery and disclosure materials on file, and any affidavits "show there

11  is no genuine issue as to any material fact and that the movant is entitled to judgment as

12  a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine"

13  if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the

14  nonmoving party and a dispute is "material" if it could affect the outcome of the suit under

15  the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where

16  reasonable minds could differ on the material facts at issue, however, summary judgment

17  is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a

18  genuine issue of material fact is enough 'to require a jury or judge to resolve the parties'

19  differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th

20  Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In

21  evaluating a summary judgment motion, a court views all facts and draws all inferences

22  in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach &*

23  *Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

24      The moving party bears the burden of showing that there are no genuine issues of

25  material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the

26  moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the

27  motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*,

28  477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must

1    produce specific evidence, through affidavits or admissible discovery material, to show

2    that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991),

3    and "must do more than simply show that there is some metaphysical doubt as to the

4    material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita*

5    *Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence

6    of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*,

7    477 U.S. at 252.

8    ### B.    Discussion

9    The NDOC Defendants move for summary judgment on all claims asserted against

10   them: (1) interference with mail; (2) deliberate indifference to serious medical needs; and

11   (3) retaliation. (ECF No. 50 at 1.)

12   ### 1.    Interference with Mail

13   The Court allowed Plaintiff's interference with mail claim to proceed based on

14   Plaintiff's allegations that the NDOC Defendants refused to allow a letter with a visitor's

15   form to be sent out of the prison.[6] (ECF No. 7 at 5.) The NDOC Defendants argue that

16   they are entitled to summary judgment because Plaintiff failed to exhaust his claim. (ECF

17   No. 50 at 9.)

18   The Court agrees with Defendants that Plaintiff failed to exhaust his administrative

19   remedies. Defendants have introduced evidence—in the form of a grievance history

20   report—that Plaintiff never grieved the alleged interference with mail. (ECF No. 51 at 17-

21   48.) The grievance history report contains no references to the intended recipient (Andrea

22   Canning) or to interference with Plaintiff's mail. (*See id.*) Plaintiff argues that he filed

23   grievances that went unanswered and attaches those grievances as exhibits to his

24   response brief. (ECF No. 57 at 7-8 (citing ECF No. 57-3 at 4-7).) Defendants counter that

25   the grievances were never submitted to NDOC personnel. (ECF No. 58 at 7.) Defendants

26   contend that the grievances would have contained a log number, grievance coordinator

27

28        [6]The claim also was permitted to proceed against Byrne (ECF No. 7 at 10), but the
     Court will dismiss Byrne from this action based on Plaintiff's failure to serve Byrne. *See*
     *supra* note 3.

6

1  signature, grievance response, and a caseworker signature if they actually had been

2  submitted. (*See id.*) Plaintiff has not sought to rebut this argument.

3       The Court finds that Plaintiff has failed to raise a genuine issue of material fact with

4  respect to whether he grieved the alleged interference with his mail. No rational trier of

5  fact, even drawing all inferences in favor of Plaintiff, could conclude that Plaintiff grieved

6  the alleged interference with his mail. Accordingly, the Court dismisses Plaintiff's

7  interference with mail claim based on Plaintiff's failure to exhaust administrative remedies.

8            **2.    Deliberate Indifference to Serious Medical Needs**

9       The Court allowed Plaintiff to proceed with a deliberate indifference to serious

10 medical needs claim against NDOC Defendants Dzurenda and Aranas related to torn

11 ligaments and arthritis in his left knee, an umbilical hernia, and hepatitis C.[7] (ECF No. 7

12 at 10.)

13      The Court first considers Plaintiff's claim as it relates to his hernia and hepatitis C.

14 The NDOC Defendants argue that Plaintiff failed to exhaust this claim. (ECF No. 50 at

15 12.) The Court agrees. Defendants again rely on the grievance history report, which

16 contains no indication that Plaintiff ever filed grievances related to his hernia or hepatitis

17 C. (*See* ECF No. 51 at 17-48.) Plaintiff again submitted exhibits that purport to be

18 grievances he filed (ECF No. 57-3 at 12-19), but Defendants again contend they were

19 never submitted because they "are missing the Log Number, the Grievance Coordinator

20 Signature, the Grievance Response, [and] the Caseworker Signature" (ECF No. 58 at

21 10). Plaintiff has not sought leave to address the argument that his purported grievances

22 were fabricated. Plaintiff also relies on a letter from NDOC to a non-party, but this letter

23 does not establish that Plaintiff grieved issues related to his hernia and hepatitis C. (*See*

24 ECF No. 57-3 at 16.) Plaintiff also submits grievances directed to SCC (*id.* at 17-19), but

25 these are not relevant to Plaintiff's claims against the NDOC Defendants.

26 ///

27

28       [7]The claim also was permitted to proceed against Gentry (ECF No. 7 at 10), but
the Court will dismiss Gentry from this action based on Plaintiff's failure to serve Gentry.
*See supra* note 3.

1    The Court finds that Plaintiff has failed to raise a genuine issue of material fact with

2    respect to whether he grieved issues related to his hernia and hepatitis C. No rational trier

3    of fact, even drawing all inferences in favor of Plaintiff, could conclude that Plaintiff grieved

4    issues related to his hernia and hepatitis C. Accordingly, the Court will dismiss Plaintiff's

5    claim for deliberate indifference to medical needs as it relates to his hernia and hepatitis

6    C for failure to exhaust administrative remedies.

7         The Court next turns to Plaintiff's deliberate indifference claim as it relates to the

8    torn ligaments and arthritis in his left knee. The NDOC Defendants argue that they are

9    entitled to summary judgment because Plaintiff received at least some treatment for his

10   knee conditions. (ECF No. 50 at 13.) Plaintiff concedes in his response that he received

11   a knee brace, a cane, an order for an X-ray, and an MRI. (ECF No. 57 at 16.) Thus, the

12   Court will grant summary judgment in favor of the NDOC Defendants. "[P]rison officials

13   are not deliberately indifferent simply because they selected or prescribed a course of

14   treatment different than the one the inmate requests or prefers." *Rowe v. Aranas*, No.

15   3:16-cv-00535-MMD-VPC, 2018 WL 4088019, at *5 (D. Nev. Aug. 27, 2018) (citing

16   *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004)). "Only where the prison official's

17   'chosen course of treatment was medically unacceptable under the circumstances, and

18   was chosen in conscious disregard of an excessive risk to the prisoner's health,' will the

19   treatment decision be found constitutionally infirm." *Id.* (quoting *Toguchi*, 391 F.3d at

20   1058). "In addition, it is only where those infirm treatment decisions result in harm to the

21   plaintiff—though the harm need not be substantial—that Eighth Amendment liability

22   arises." *Id.* (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Plaintiff has not

23   alleged or argued that the prison officials' chosen course of treatment was medically

24   unacceptable under the circumstances and chosen in conscious disregard or excessive

25   risk to his health.

26        Accordingly, the Court will grant summary judgment in favor of NDOC Defendants

27   Dzurenda and Aranas on Plaintiff's claim for deliberate indifference to medical needs as

28   it relates to his knee.

### 3. Retaliation

The Court allowed Plaintiff to proceed with a retaliation claim based on his allegations that NDOC Defendants retaliated against him for associating with the press by transferring him from Lovelock Correction Center ("LCC") to Southern Desert Correctional Center ("SDCC") and by refusing him medical treatment. (ECF No. 7 at 8.)

The Court first considers Plaintiff's retaliation claim as it relates to his transfer. The NDOC Defendants argue that they are entitled to summary judgment because Plaintiff cannot show that he was transferred "because of" his grievances. (ECF No. 58 at 12 (citing *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004).) The NDOC Defendants cite to a letter Plaintiff filed as an exhibit to his response brief. In that letter, an individual from the offender management division states that Plaintiff was "transferred for "departmental needs" rather than "for disciplinary or punitive reasons." (ECF No. 57-3 at 34.) Plaintiff has not introduced any evidence to rebut this.

The Court thus finds that Plaintiff has failed to raise a genuine issue of material fact with respect to whether he was transferred as a retaliatory measure. No rational trier of fact, even drawing all inferences in Plaintiff's favor, could conclude that Plaintiff was transferred in retaliation for filing grievances. Indeed, Plaintiff's grievance history report shows that Plaintiff filed numerous grievances for many years before he was transferred to SDCC. (*See* ECF No. 51 at 17-48 (listing grievances dating from as early as 2005).) Accordingly, the Court will grant summary judgment in favor of the NDOC Defendants on Plaintiff's retaliation claim as it relates to his transfer.

The Court next considers Plaintiff's retaliation claim as it relates to a denial of medical treatment. Defendants have introduced evidence that Plaintiff received medical treatment following his transfer to SDCC. (*See* ECF No. 51 at 18 (grievance response indicating that Plaintiff received Naprosyn and Neurontin while housed at SDCC).) Plaintiff has not adduced evidence that would raise a genuine issue of material fact as to whether he received at least some medical treatment, nor has he adduced evidence that such

///

treatment was medically unacceptable or chosen in conscious disregard of an excessive risk to his health.

Accordingly, the Court will grant summary judgment in favor of the NDOC Defendants on Plaintiff's retaliation claim as it relates to a denial of medical treatment.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the CoreCivic Defendants' motion to dismiss (ECF No. 36) is granted. This action is dismissed without prejudice against Defendants Hininger and Thomas for lack of personal jurisdiction.

It is further ordered that the NDOC Defendants' motion for summary judgment (ECF No. 50) is granted as to all claims except for the following two claims which are dismissed for failure to exhaust administrative remedies: claim for interference with mail; and claim for deliberate indifference to medical needs as it relates to Plaintiff's hernia and hepatitis C. The Court thus grants summary judgment in favor of the NDOC Defendants as to Plaintiff's other claims.

It is further ordered that this action is dismissed without prejudice against Byrne and Jo Gentry for failure to effect service under Federal Rule of Civil Procedure 4(m).

It is further ordered that the Clerk of the Court enter judgment accordingly and close this case.

DATED THIS 9th day of September 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE